IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

H. ROBERT WARREN and
JOAN CROCKER,

      Plaintiffs,

      vs.                                   Civil No. 05-441  JP/RLP

CAMPBELL FARMING CORPORATION,
STEPHANIE GATELY and ROBERT GATELY,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND
PROTECTIVE ORDER**

      This matter comes before the court on the motion of Plaintiff's to Compel Production of personal income tax returns and financial statements from 1996 to the present from Defendant Robert Gately.  [Docket No. 37].

      Plaintiffs are minority shareholders in Campbell Farming Corporation ["CFC" herein], a close corporation organized under Montana law, with its principal place of business in New Mexico. Defendant Robert Gately is the president, chief executive officer and a director of CFC.  Plaintiffs contend that in December 2004  Robert Gately, in collusion with his mother Defendant Stephanie Gately, who is the majority shareholder and a director of CFC, forced CFC to pay an illegal stock and cash bonus to Robert Gately.

      Plaintiffs' contend that production of Defendant Robert Gately's personal income tax returns and financial statements from 1996 to the present is relevant to determine the reasonableness of the stock and cash bonus at issue, and that such records will allow them to compare the December 2004

compensation with compensation provided in other years. In addition, in 2000 CFC awarded Defendant Robert Gately a percentage interest in San Pedro Overlook, a limited liability company. Plaintiffs contend they are entitled to determine the value placed on this compensation by Defendant Robert Gately in the year it was granted and in subsequent years, again to compare compensation at issue with compensation provided in other years.

### Personal Income Tax Returns Relevant to the Issue of Reasonableness of Compensation

Courts do not favor compelling production of tax returns. However, no absolute privilege exists preventing their discovery. A two-pronged test has been developed to properly balance the liberal scope of discovery and the policy favoring the confidentiality of tax returns. First, the returns must be relevant to the subject matter of the action, and second, there must be a "compelling need for the returns because the information contained therein is not otherwise readily obtainable." The burden of proof is on the party seeking production to show relevancy. Once that showing is made, the burden shifts to the party opposing production to show the information sought is readily obtainable from other sources. Hilt v. SFC Inc., 170 F.R.D. 182, 189 (D. Kan. 1997).

Plaintiffs have met the first prong. The compensation earned by Defendant Robert Gately from CFC is relevant to the issues in this suit. However, to the extent the amount of salary and benefits paid to Robert Gately is evidenced in the corporate records of CFC, that information is otherwise readily available. Defendant Gately represents that CFC's full federal and state tax returns, quarterly and annual financial reports and independently audited financial statements were produced in September 2005, and that these documents indicate the amount of annual salary paid to him. [Docket No. 41, p. 2, footnote 1]. Plaintiffs' have not contested this representation.

Accordingly, Plaintiffs' Motion to Compel Production of Defendant Robert Gately's personal

income tax returns is denied.

### Financial Statements as Relevant to the Issue of Reasonableness of Compensation

Using the same two pronged test to assess whether Defendant Robert Gately should be compel to produce his financial statements, I come to a different conclusion.  As part of his 2000 compensation, Robert Gately received an interest San Pedro Overlook, LLC. The value of that asset is part of the compensation received by him from CFC.  Comparison of past compensation to the compensation at issue is relevant to the issues in this suit.  No other source for this information has been suggested by either party.

However, Plaintiffs' request as written is too broad.  They seek the valuation placed by Defendant Robert Gately in his interest in San Pedro Overlook, LLC.  Financial statements predating the acquisition of that asset are not relevant, nor is the valuation of other assets that may be contained in Mr. Gately's financial statements.

Defendant Robert Gately shall produce financial statements prepared since the acquisition of his interest in San Pedro Overlook, LLC.  Those statements shall redact all information other than the value of his interest in San Pedro Overlook, LLC., except as provided below.

### Financial Information as Relevant to the Issue of Punitive Damages

There is no dispute that evidence of a party's net worth is relevant on the issue of punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270, 101 S.Ct. 2748, 2761 (1981); Ramsey v. Culpepper, 738 F.2d 1092, 1099 (10th Cir. 1984).  Defendant Gately contends that he should not be compelled to provide financial information unless and until the trier of fact determines

that he is liable for punitive damages.[1]  The majority of federal courts that have considered this issue permit pretrial discovery of a defendant's financial condition without requiring the plaintiff to first make a prima facie showing of entitlement to punitive damages.  <u>Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.</u>, 130 F.R.D. 149 (D. Kan. 1990) (eleven cases collected in support of discovery).  However, financial information from remote years is not relevant.  The scope of permissible discovery related to Plaintiffs' claim for punitive damages is limited to Defendant Gately's current net worth.

Plaintiff shall produce a financial statement delineating his current net worth.

### Protective Order

Finally, it is proper for the court to limit discovery to protect a defendant from unfair disclosure, and to prevent a plaintiff from disseminating private information outside this litigation.  Accordingly, the information that I am ordering produced is to be used only for the purposes of this litigation and for no other purposes.  Such information may not be circulated outside this litigation, and at the completion of this litigation, Plaintiffs' and their counsel shall return all financial information provided, together with all copies of that information.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge

---

[1] In support of his position, Defendant Gately cites to Mont. Code Ann. §27-1-221(7)(1), and New Mexico U.J.I. 13-1827(1998), neither of which pertain to the discoverability of financial information, only to the timing of its admission at trial.